UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODNEY BAKER and JAYME
BAKER, each individually and as
next friends of IB, a minor                                                              PLAINTIFFS

v.                                             No. 5:20-CV-05207

BENTONVILLE SCHOOL DISTRICT                                                               DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Bentonville School District's motion (Doc. 18) to compel discovery responses and brief in support (Doc. 19). Plaintiffs Rodney and Jayme Baker filed a response (Doc. 21) in opposition. For the reasons set forth below, the motion will be GRANTED.

Plaintiffs' complaint alleges Defendant failed to provide reasonable accommodations to IB in violation of the Arkansas Civil Rights Act, Ark. Code Ann. §§ 16-123-105, 107, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12132. The complaint also asserts claims for negligence and declaratory judgment. The complaint was filed in the Benton County Circuit Court on August 7, 2020, and Defendant removed on December 4, 2020. Plaintiffs allege IB attended an elementary school within Defendant's school district and Defendant failed to accommodate IB's disability. IB's primary disability is that she is legally blind. Plaintiffs further allege because of Defendant's failure to accommodate IB's disability, beginning in the 2017-2018 school year IB suffered repeated injuries at school and developed seizures. Plaintiffs seek "[t]he losses, damages, and injuries to IB and Parents . . . [that] are the direct and proximate result of [Defendant's] breaches of duty to provide accommodations for her disabilities and failure to supervise her safety." (Doc. 3, pp. 20-21, ¶ 117).

Defendant requests the Court compel Plaintiffs to provide full and complete responses to Defendant's first set of interrogatories and requests for production of documents and for Plaintiffs to supplement their computation of damages. Specifically, Defendant points to Interrogatory No. 19 and Request for Production No. 21, which were served on Plaintiffs on July 8, 2021. Interrogatory No. 19 states

> Describe in detail every type and category of damages for which you believe you have a claim against Defendant, and for each category of damages provide an itemized accounting of the amount of your damages, identify the method used to calculate any such damages, identify all persons with knowledge of such damages, and identify the Bates numbers from your document production supporting such damages.

(Doc. 18-2, p. 19). Plaintiffs responded "[a]s the Plaintiff I.B. continues to suffer from seizures that were not present before she suffered a head injury at Cooper Elementary school, the Plaintiffs are still calculating damages and shall supplement accordingly." *Id.* Request for Production No. 21 states "[p]roduce all communications and documents that reflect the damages for which you believe you have a claim against Defendant." *Id.* Plaintiffs responded "[p]lease see the response to [Interrogatory No. 19]."

On October 25, 2021, Defendant, after receiving Plaintiffs' responses, sent Plaintiffs a letter detailing Defendant's issues with Plaintiffs' responses, including the lack of a damage computation. (Doc. 18-3). On Monday, November 8, 2021, Plaintiffs informed Defendant that Defendant would have Plaintiffs' responses by the end of the week. (Doc. 18-4). On November 11, 2021, Defendant sent a follow-up email to Plaintiffs' counsel regarding discovery. *Id.* Plaintiffs responded on November 12, 2021, and "acknowledge[d] the obligation to provide [concrete damages figures]" to Defendant and stated Plaintiffs were "working toward a number related to [I.B.'s] claim for pain and suffering related to the medical issues . . . ." (Doc. 18-6, pp.

2-3). On November 17, 2021, Plaintiffs supplemented their responses to Interrogatory No. 19 and

Request for Production No. 21.

> Plaintiffs' supplemental response to Interrogatory No. 19 was as follows:
>
> As Plaintiff I.B. continues to suffer from seizures that were not present before she suffered a head injury at Cooper Elementary school, her damages are still accruing. At this time, damages are claimed for the following categories:
>
> - Payment for Medical Bills—Please see the medical records and bills obtained as part of discovery. We have requested an itemized statement from Children's and will reply once it is received in the mail.
> - Damages as determined by the jury for pain and suffering caused by injuries/seizures including frequent headaches.
>   - Damages as determined by the jury for memory loss due to the seizures.
>   - Damages as determined by the jury for increased visual fatigue since injuries/onset of seizures.
>   - Damages for anxiety and panic attacks caused by emotional distress of seizures.
>   - Damages for irritability caused by seizures.
>   - Damages for back pain from the nocturnal seizures.
> - Reimbursement for a $1,000 bed that supports her, cooling memory foam & that has helped with seizures.
> - Payment for travel back and forth to Little Rock Children's related to seizures. Documentation is being gathered, to the extent it can be found, to support travel costs.
> - Reimbursement for est. $500 for glasses replacement due to injuries at school.
> - Payment to Parents for time away from work due to medical appointments related to injuries and seizures. Documentation is being gathered, to the extent it can be found, to support loss of compensable time.
> - Attorneys' fees and costs as provided under the Rehabilitation Act.
>
> The Damages categories stated above, while ultimately a question for the jury's determination and deliberation, are claimed to exceed insurance policy limits (to the extent such coverage exists) as disclosed in this case of $1,000,000.00.

(Doc. 18-8, pp. 2-4). Plaintiffs' supplemental response to Request for Production No. 21,

requesting communications and documents that reflect the damages, stated

> Please see the response to [Interrogatory No. 19]. Much of the damages are indeterminate figures to be determined by the jury. For evidence of injuries leading to damages, please see medical records and photographs shared to date. Any documents not already in our possession (which have been produced) that come

> into our possession by way of requests from medical providers and/or Medicaid programs will be supplemented.

*Id.* at 5.

Rule 26(a)(1)(A)(iii) requires a party to provide, without awaiting a discovery request, "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of the injuries suffered." "Because Rule 26 is intended to eliminate surprise and promote settlement, courts have held that a 'plaintiff should provide more than a lump sum statement of the damages allegedly sustained.'" *Carmody v. Kan. City Bd. of Police Comm'rs*, No. 11-CV-00160, 2012 WL 12896525, at *3 (W.D. Mo. Aug. 27, 2012) (citing *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)). "Specifically, the computation requirement 'contemplates some analysis . . . .'" *Id.* (citing *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-CV-275, 2012 WL 1596722, at *4 (E.D.N.C. May 7, 2012)). "Indicating how [d]efendants can compute the alleged damages based on discovery provided does not satisfy the Rule 26 computation requirement." *Curtis v. Daviess-Dekalb Reg'l Jail Dist.*, No. 08-6075-CV-SJ, 2009 WL 3382930, at *1 (W.D. Mo. Oct. 19, 2009).

Defendant argues Plaintiffs' supplemental responses do not comply with Rule 26 because Plaintiffs have merely provided categories of damages, with no associated amounts, computations, or discovery documents on which the computation is based. Plaintiffs argue Interrogatory No. 19 "entails a request to compel the production of medical billing records and a computation of noneconomic damages (pain and suffering) that are not easily quantifiable." (Doc. 21, p. 1). Plaintiffs further argue they have recently produced medical records to Defendant and that Plaintiffs are not required "to provide an exact dollar figure for noneconomic damages that are difficult or impossible to quantify." *Id.* at 2.

4

Although certain noneconomic damages may fall outside the ambit of Rule 26 because noneconomic damages "may not be amendable to the kind of calculation disclosure contemplated by Rule 26," Plaintiffs have failed to provide any damage computation. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th[th] Cir. 2000). Plaintiffs' supplemental response merely lists a variety of alleged damages, and the only computation Plaintiffs provide is $1000 for a bed and $500 for replaced glasses. Despite only listing $1,500 in damages, Plaintiffs calculate damages to be in excess of $1,000,000. Plaintiffs argue noneconomic damages are not easily quantifiable. This is true, but Plaintiffs have made no attempt to quantify any type of damage.

It appears Plaintiffs believe it is Defendant's responsibility to go through medical billing records and all other discovery produced to compute Plaintiffs' alleged damages, however, Plaintiffs sought the process of judicial action, and they have a duty to engage in it. Plaintiffs' responses so far have not complied with Rule 26 or Rule 1 of the Federal Rules of Civil Procedure requiring parties to administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." It is Plaintiffs' responsibility, not Defendant's, to provide a computation of each category of damages claimed and Plaintiffs must provide this information "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). The injuries occurred long enough ago, and the case has proceeded long enough, that Plaintiffs cannot argue they have had insufficient time to begin making a substantive accounting of the damages they seek.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 18) to compel is GRANTED. Plaintiffs are ordered to appropriately respond to Defendant's Interrogatory No. 19 by **December 27, 2021**. To the extent Plaintiffs have not responded to Defendant's Request for Production No. 21, Plaintiffs are ordered to appropriately respond by **December 27, 2021**.

IT IS SO ORDERED this 15th day of December, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE