UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODNEY BAKER and JAYME
BAKER, each individually and as
next friends of IB, a minor                                                                                         PLAINTIFFS

v.                                                      No. 5:20-CV-05207

BENTONVILLE SCHOOL DISTRICT                                                                    DEFENDANT

## OPINION AND ORDER

Before the Court is the Defendant's unopposed motion (Doc. 23) for protective order and proposed protective order (Doc. 23-1). The parties request a protective order governing "confidential educational, medical, or otherwise sensitive information pertaining to a minor child." (Doc. 23-1, p. 1, ¶ 1). The motion will be GRANTED, and an amended protective order will be entered.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

Good cause for the entry of a protective order as to education records has been demonstrated. The purpose of The Family Educational Rights and Privacy Act ("FERPA") is "not to grant individual students the right of privacy or access to educational records, but to control the

1

careless release of educational information on the part of many institutions." *Davids v. Cedar Falls Cmty. Schs.*, No. C96-2071, 1998 WL 34112767, at *2 (N.D. Iowa, Oct. 28, 1998) (citing *Red & Black Publ'g Co. v. Bd. of Regents*, 848 S.E.2d 257, 259 (Ga. 1993)). Although FERPA does not require a protective order "it would seem sensible to require in the disclosure order that the recipients of the student records avoid revealing the data to individuals unconnected with the litigation and destroy the data when it is no longer needed." *Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-CV-10023, 2012 WL 5844655, at *4 (E.D. Mich. Nov. 19, 2012). Because of the confidential nature of education records and the parties' agreement to designate education records as confidential, the Court finds good cause exists.

The parties have also shown good cause for the entry of a protective order as to medical records of a minor child. Federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

Finally, the proposed protective order will be revised to clarify that the protective order controls the use of confidential information except during trial. The protective order will further be revised to comply with the Court's procedures for filing confidential information and to clarify the parties' obligations at the end of litigation.

The Court will separately enter a revised protective order.

IT IS SO ORDERED this 14th day of February, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE