UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODNEY BAKER and JAYME
BAKER, each individually and as
next friends of IB, a minor                                                                                   PLAINTIFFS

v.                                            No. 5:20-CV-05207

BENTONVILLE SCHOOL DISTRICT                                                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiffs' motion (Doc. 39) for reconsideration and brief in support (Doc. 40). Defendant filed a response (Doc. 41) in opposition. Plaintiffs request the Court reconsider the July 8, 2022, opinion and order which dismissed Plaintiffs' negligence claim with prejudice. Plaintiffs argue that because state law claims against a defendant with potential immunity are generally dismissed without prejudice, the Court should have declined to exercise supplemental jurisdiction over their negligence claim and dismissed the claim without prejudice. Further, Plaintiffs argue dismissal without prejudice is proper because if Plaintiffs were to bring a subsequent action and a court declared Ark. Code Ann. § 21-9-301 unconstitutional, Plaintiffs could pursue their tort claim against Defendant. Defendant argues the Court properly exercised supplemental jurisdiction and dismissed the negligence claim with prejudice, and dismissal without prejudice would be futile because the statute of limitations has run.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). When the motion is made in response to a final order, as is the case here, it is construed as having been made under Rule 59(e). *Schoffstall*

1

*v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). There are "four basic grounds" upon which Courts typically will grant Rule 59(e) motions:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.).

Plaintiffs have not demonstrated any of these grounds. Plaintiffs' negligence claim was dismissed with prejudice because the Arkansas Supreme Court has repeatedly found Ark. Code Ann. § 21-9-301 constitutional, which provides immunity for Defendant. *See Young v. Blytheville Sch. Dist.*, 425 S.W.3d 865, 872 (Ark. App. 2013) ("[O]n a number of occasions, the Arkansas Supreme Court has held that [Ark. Code Ann. § 21-9-301] does not violate article 2, section 12" of the Arkansas Constitution. (citing *White v. City of Newport*, 933 S.W.2d 800 (1996)). This is not a question of *if* Defendant is immune, as Plaintiffs motion attempts to argue. The case law is clear that Defendant has statutory immunity, and any comparison to cases where a state law claim is dismissed without prejudice because a defendant *may* be immune is unpersuasive. The Court used its discretion in exercising supplemental jurisdiction over an issue that is well-settled in Arkansas and will not now decline to exercise such jurisdiction. Further, as Defendant's briefing demonstrates, even if the Court were to dismiss the claim without prejudice, Plaintiffs would be time barred from bringing another negligence claim.

To the extent Plaintiffs' motion is a Rule 60(b) motion, it will also be denied. Rule 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered

evidence; fraud, misrepresentation, or misconduct by an opposing party, or; "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).  It is important to note, however, that a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  Plaintiffs' motion does not present argument that would allow the Court to find any of the Rule 60(b) circumstances present, therefore, the motion will be denied.

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 39) for reconsideration is DENIED.

IT IS SO ORDERED this 27th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE